IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,861-01






EX PARTE JERMAINE DeLEON JOSEPH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W05-57893-M (A) IN THE 194th DISTRICT COURT
FROM DALLAS COUNTY 





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the
offense of aggravated assault with a deadly weapon and sentenced to imprisonment for ten years. 

 The Applicant alleges, inter alia, that his trial counsel rendered ineffective assistance in
this case. Specifically, the Applicant alleges that counsel was ineffective for: 

 A. Failing to bring forth facts of the case or have a firm grasp of the law;


 B. Allowing the Applicant to accept a plea without supporting evidence;


 C. Failing to safeguard Applicant's best interests;

 

 D. Failing to contest the deadly weapon finding on a lack of evidence; 

 

 E. Advising Applicant to plead guilty when the evidence did not support a finding
of guilty; and,

 

 F. Coercing the Applicant into pleading guilty.


 In its answer to these allegations, the State's replies as follows:

 The State contends that Applicant was provided with effective assistance
of counsel. The State, however, recognizes that further evidence may be needed
regarding counsel's representation of Applicant. Therefore, the State requests that
this Court issue an order designating issues and gather evidence, as is customary,
by way of affidavit from defense counsel or hearing should the Court deem such
to be necessary.

 

 We agree with the State's request in this case. Therefore, we remand this application to the
194th District Court of Dallas County to allow the trial judge to complete an evidentiary
investigation and enter findings of fact and conclusions of law regarding the Applicant's allegations
of ineffective assistance of counsel.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 26, 2012

Do not publish